IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **HAWK TECHNOLOGY SYSTEMS, LLC,** | Case No. 2:15-cv-1516 |
| Plaintiff, | PATENT CASE |
| v. | JURY TRIAL DEMANDED |
| **AMERICAN BANK OF TEXAS, N.A.,** | |
| Defendant. | |

### DEFENDANT AMERICAN BANK OF TEXAS'S ANSWER TO PLAINTIFF HAWK TECHNOLOGY SYSTEMS, LLC'S ORIGINAL COMPLAINT AND COUNTERCLAIMS

Defendant American Bank of Texas ("ABT") files this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Hawk Technology Systems, LLC ("Hawk") Original Complaint for Patent Infringement ("Complaint"):

### NATURE OF THE ACTION

1. ABT admits that Hawk has brought an action for patent infringement asserting RE43,462, but denies that ABT has committed any act of infringement in this district or elsewhere.

### PARTIES

2. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3. American Bank of Texas admits it is a financial institution organized and existing under the laws of Texas with its principal place of business at 2011 Texoma Parkway, Sherman, TX 75090. ABT denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. ABT admits that this is an action for patent infringement, but denies that ABT committed any act of infringement in this district or elsewhere. ABT admits that, pursuant to 28 U.S.C. §§ 1331 and 1338(a), federal district courts have subject matter jurisdiction over patent infringement actions

5. ABT admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b), but denies that this is the most convenient venue. ABT reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. ABT expressly denies that ABT committed any acts of infringement in this district or elsewhere.

6. ABT admits that this Court has personal jurisdiction over ABT in this particular action. ABT admits that it has transacted business in the district, but denies that ABT has committed any act of infringement in this district or elsewhere. ABT has provided its response with respect to venue in paragraph 5.

## BACKGROUND

7. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies them.

8. ABT admits that Kinya Washino and Barry H. Schwab are listed as the inventors on the face of U.S. Patent No. RE43,462 ("the '462 Patent" or the "Asserted Patent"), and that the face of the patent is titled "Video Monitoring and Conferencing System." ABT admits that June 12, 2012 is listed on the face of the '462 Patent and a copy was attached to the Complaint as Exhibit A. ABT otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Complaint.

9. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies them.

10. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies them.

11. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies them.

12. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies them.

## COUNT ONE – INFRINGEMENT OF THE '462 PATENT

13. Paragraph 13 contains no allegations to which a response is required. ABT incorporates by reference the foregoing paragraphs.

14. ABT admits that plaintiff has recited the language of claim 12 of the '462 patent in paragraph 14 of the Complaint.

15. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies them.

16. ABT denies the allegations of paragraph 16 of the Complaint.

17. ABT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18. ABT denies the allegations of paragraph 18 of the Complaint.

## PRAYER FOR RELIEF

19. ABT denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs (a)-(d) of Plaintiff's Prayer for Relief. ABT asks the Court to deny any and all relief requested in DataTreasury's prayer for relief as to ABT.

## JURY TRIAL DEMAND

This Paragraph sets forth Hawk's request for a jury trial pursuant to the Federal Rules of Civil Procedure to which no response is required.

## DEFENSES

20. Further answering the Complaint, and as additional defenses thereto, ABT asserts the following affirmative and additional defenses without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burden of proof on its affirmative claims against ABT. ABT reserves the right to amend its currently pleaded defenses and assert additional defenses as they become apparent though discovery.

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

21. ABT does not infringe, and has not infringed, any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

22. One or more of the claims of the Asserted Patent is invalid or unenforceable for failing to meet one or more of the requirements or conditions for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112 and/or 132.

### THIRD AFFIRMATIVE DEFENSE
### (PATENT EXHAUSTION)

23. Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the first-sale doctrine, and/or restrictions on double recovery.

### FOURTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND PROSECUTION DISCLAIMER)

24. Plaintiff is barred from recovery in whole or in part by the doctrines of prosecution history estoppel and prosecution disclaimer.

## FIFTH AFFIRMATIVE DEFENSE
## (LACHES, EQUITABLE ESTOPPEL, AND/OR WAIVER)

25. Plaintiff's enforcement of one or more claims of the Asserted Patent is barred, in whole or in part, by the equitable doctrine of laches, equitable estoppel, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE
## (LIMITATION ON DAMAGES)

26. Plaintiff's claims for damages for infringement are limited pursuant to 35 U.S.C. §§ 154, 286, 287, and/or 288.

## RESERVATION OF RIGHTS

27. ABT reserves the right to assert additional defenses or counterclaims that may be accorded to it under Rules 8(c) and 13(a) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case.

## COUNTERCLAIMS

Counterclaimant American Bank of Texas ("ABT"), by and through their counsel, hereby allege counterclaims for declaratory judgment of non-infringement and patent invalidity against plaintiff and counterclaim-defendant Hawk Technology Systems, LLC ("Hawk"). ABT alleges the claims as follows:

## NATURE OF THE ACTION

1. These Counterclaims seek, *inter alia*, a judgment declaring that the claims of U.S. Patent No. RE43,462 (the "Asserted Patent") are invalid and/or not infringed by ABT.

## PARTIES

2. ABT Bank of Texas is a financial organized and existing under the laws of Texas with its principal place of business at 2011 Texoma Parkway, Sherman, TX 75090.

3. Upon information and belief and based on the Original Complaint ("Complaint"), Hawk Technology Systems, LLC claims to be a limited liability company organized and existing under the laws of the State of Florida and maintaining its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, FL 33131.

## JURISDICTION AND VENUE

4. These Counterclaims seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under patent laws of the United States set forth in 35 U.S.C. § 1 et seq.

5. The Court has personal jurisdiction over Plaintiff because Plaintiff has submitted to personal jurisdiction in this Court by filing its Complaint against ABT.

6. ABT reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. Subject to and without waiving these rights, this Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## ACTS GIVING RISE TO THE COUNTERCLAIM

7. On September 11, 2015, by way of its filed Complaint, Plaintiff commenced a civil lawsuit against ABT alleging that ABT infringed and is infringing upon one or more claims of the Asserted Patent.

8. By such action, Plaintiff has created an actual and justiciable case and controversy between itself and ABT concerning whether the Asserted Patent is valid and/or enforceable, as well as whether ABT is infringing and/or has infringed upon any valid and/or enforceable claim of the Asserted Patent.

9. ABT has not infringed, and is not infringing, either directly, indirectly, literally, by equivalents, contributorily, jointly, through inducement, willfully or otherwise, any claim, much less any valid and enforceable claim, of the Asserted Patent.

10. A true, actual, and justiciable controversy has arisen and now exists between ABT and Plaintiff regarding the non-infringement and invalidity of the Asserted Patent.

## COUNT 1: DECLARATION OF INVALIDITY

11. ABT incorporates its allegations in Counterclaim Paragraphs 1-10 as though fully set forth herein.

12. ABT is entitled to a declaration that the Asserted Patent is invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code. Specifically, upon information and belief, all of the claims of the Asserted Patent are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, including, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132, for one or more of the following reasons, as well as others hereinafter set forth or which ABT may hereafter discover or otherwise be informed:

a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

e) The patentee(s) did not himself/themselves invent the subject matter claimed;

f) The patentee(s) abandoned the alleged invention(s);

g) Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

h) The difference between the subject matter sought to be patented in Asserted Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

j) The Asserted Patent does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them, and, further, does not set forth the best mode contemplated by the alleged inventor(s) of carrying out the alleged invention(s); and

k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

## COUNT 2: DECLARATION OF NON-INFRINGEMENT

13. ABT incorporates its allegations in Counterclaim Paragraphs 1-12 as though fully set forth herein.

14. ABT is entitled to a declaration that it does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, jointly, through inducement, willfully or otherwise, any claim, much less any valid and enforceable claim, of the Asserted Patent.

## JURY DEMAND

15. Pursuant to Local Rule CV 38(a) and Fed. R. Civ. P. 38, Defendant and Counterclaim-Plaintiff ABT demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiff ABT respectfully prays that the Court enter judgment in its favor and award the following relief against Plaintiff and Counterclaim-Defendant ABT:

A. Enter an order finding and declaring that ABT has not infringed and is not currently infringing either directly, indirectly, literally, by equivalents, contributorily, jointly, or through inducement, any claim of the Asserted Patent;

B. Enter an order declaring that each of the claims of the Asserted Patent is invalid;

C. Dismiss all Plaintiff's claims against ABT with prejudice;

D. Find that this case is exceptional and award ABT its costs and reasonable attorneys' fees; and

E. Award ABT such other relief as the Court deems just and proper.

Date:   November 27, 2015                    Respectfully submitted,

                                                      MORGAN, LEWIS & BOCKIUS LLP

                                                     */s/ Rick L. Rambo*
                                                     Rick L. Rambo
                                                     State Bar No. 00791479
                                                   rrambo@morganlewis.com
                                                   Archis (Neil) V. Ozarkar
                                                   State Bar No. 24079096
                                                   nozarkar@morganlewis.com
                                                   1000 Louisiana Street, Suite 4000
                                                   Houston, TX 77002
                                                   Telephone: 713.890.5000
                                                   Fax: 713.890.5001

                                                   *ATTORNEYS FOR DEFENDANT*
                                                   *AMERICAN BANK OF TEXAS*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a) and (d) on November 27, 2015.

>                             */s/ Rick L. Rambo*
>                             Rick L. Rambo